UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KAI CHUI CHAN A/K/A JIMMY CHAN,
MASTER TENANT,

                              Plaintiff,

        -against-

MARLENE LIPINER,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. _____

Notice of Removal

       **PLEASE TAKE NOTICE** that Defendant Marlene Lipiner ("Lipiner"), by her undersigned attorney, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York (Index. No. 650697/2015), to the United States District Court for the Southern District of New York.

       In support of this Notice, Lipiner states as follows:

       1.      This action is removable because (i) the parties are citizens of different states and (ii) the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

       2.      On information and belief, Plaintiff Kai Chui Chan a/k/a Jimmy Chan ("Chan") is a citizen of the State of New York.  (The Verified Complaint ("Complaint") alleges that Chan "is an individual who was and is a resident of the State of New York, County of New York.")

3.    Defendant Marlene Lipiner was, at the time of the filing of this action, and still is, a citizen of the State of Florida.

4.    The Complaint seeks specific performance, and recognition of the exercise of, an alleged right of first refusal to purchase real property located at 176 Bowery, New York, New York, for Ten Million and Two Hundred Thousand Dollars ($10,200,000). Alternatively, Plaintiff seeks damages in an amount not less than Fifteen Million Dollars ($15,000,000) for breach of the lease providing for the alleged right of first refusal.

5.    Because this action is between citizens of different states, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court had original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), and removal is therefore proper pursuant to 28 U.S.C. § 1441(a).

6.    The Summons and Complaint were filed on March 8, 2015.  This Notice is therefore timely.  *See* 28 U.S.C. § 1446(b).

7.    Attached hereto as Exhibit A is a copy of "all process, pleadings and orders" in the state-court action—namely, the Summons, Complaint and Notice of Pendency.

Dated: New York, New York
       March 26, 2015

LAW OFFICES OF ALAN C. STEIN PC

/s/ Alan C. Stein

By: _____

Alan C. Stein (AS2186)
479 S. Oyster Bay Road
Plainview, New York 11803
(516) 932-1800
*Attorneys for Defendant*
*Marlene Lipiner*

# EXHIBIT "A"

*PCR1264*
*3/10/2015*
*3:55P*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
KAI CHUI CHAN A/K/A JIMMY CHAN, MASTER TENANT,

                     Plaintiff,

    - against -

MARLENE LIPINER,

                 Defendant.

**SUMMONS**

Index No.: *650697/2015*

**VENUE BASED
UPON CPLR 507
(Situs of Real
Property)**

PROPERTY CONCERNED: 174-176 BOWERY, NY, NY 10012
                            BLOCK 0478   LOT 0028
                            BOROUGH OF MANHATTAN
                            COUNTY OF NEW YORK
-------------------------------------------------------------------X
To the Person Named as Defendant Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action
by serving a notice of appearance on the Plaintiffs at the address set forth below
within 20 days after the service of this Summons (not counting the day of service
itself), or within 30 days after service is complete if the summons is not delivered
personally to you within the State of New York. In case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, NY
       March 7, 2015

Richard Alan Chen, Esq.
*Attorney for Plaintiff*
41-60 Main Street #203
Flushing, New York 11355
Tel. - 718-886-8181
Fax – 718-886-8011
raclawoffices@gmail.com

To:    Marlene Lipiner
       Defendant
       7587 Cape Verde Lane
       Lake Worth, FL 33467

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————————x

KAI CHUI CHAN A/K/A JIMMY CHAN,
MASTER TENANT,

                          Plaintiff/Petitioner,

              - against -                                    Index No. 650697/2015

MARLENE LIPINER,
re: 174-176 BOWERY, NY NY 10012

                          Defendant/Respondent.
————————————————————————————x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated:  3/7/2015

_RICHARD ALAN CHEN, ESQ._ (Signature)     _41-60 MAIN ST., SUITE 203,_ (Address)
                                          Flushing, NY  11355
RICHARD ALAN CHEN, ESQ. (Name)

RICHARD ALAN CHEN, ESQ. (Firm Name)       _718-886-8181_ (Phone)

                                          raclawoffices@gmail.com (E-Mail)

To:    MARLENE LIPINER
       DEFENDANT
       7587 CAPE VERDE
       LANE
       LAKE WORTH, FL
       33467

                                                                    4/8/11



INDEX NO. 650697/2015
RECEIVED NYSCEF: 03/09/2015

NYSCEF DOC. NO. 2

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

----------------------------------------------------------------x

KAI CHUI CHAN A/K/A JIMMY CHAN, MASTER
TENANT,

                                Plaintiff,

        -against-

MARLENE LIPINER,

                                Defendant.

PROPERTY CONCERNED: 174-176 BOWERY, NY NY 10012

                 BLOCK 0478  LOT 0028

                 BOROUGH OF MANHATTAN

                 COUNTY OF NEW YORK

----------------------------------------------------------------x

INDEX NO. 650697/2015

NOTICE OF PENDENCY

**NOTICE IS HEREBY GIVEN** that an action has been commenced
and is pending in this Court upon a complaint of the above named Plaintiff against the above
named Defendant for the enforcement of Plaintiff's Right of First Refusal to purchase the
property concerned at 174- 176 Bowery, New York, New York 10012, pursuant to Lease dated
March 2, 2000.

**NOTICE IS FURTHER GIVEN** that the premises affected by said
action for enforcement of Plaintiff's Right of First Refusal to purchase the property, at the
time of commencement of said action and at the time of the filing of this notice, is situated at

174-176 Bowery, New York, New York 10012, which is presently owned solely by

Defendant, Block 0478, Lot 0028, in the County of New York and the State of New York, and is

more particularly described in Schedule "A" attached hereto and made a part hereof.

        The Clerk of the County of New York is directed to index this notice

to the name of the above Defendant MARLENE LIPINER.  The premises is known as 174-176

Bowery, Borough of Manhattan, County of New York (Block 478, Lot 0028, Parcels I and II.)

Dated:  March 9, 2015

RICHARD ALAN CHEN, ESQ.

ATTORNEY FOR PLAINTIFF

41-60 MAIN STREET, SUITE 203

FLUSHING,NEW YORK 11355

718-886-8181 (TEL.)

718-886-8011 (FAX)

raclawoffices@gmail.com

TO: THE CLERK OF THE COUNTY OF NEW YORK

        You are hereby directed to index the within Notice of Pendency of Action to the name of the Defendant herein and the number of each block on the land map which is affected by this Notice is hereby designated as follows:

        BLOCK 478, LOT 0028, "PARCEL I AND PARCEL II"

        COMMONLY KNOWN AS:  174-176 BOWERY, NEW YORK, NY 10012

        LEGAL DESCRIPTION ON SCHEDULE "A" ATTACHED HERETO

Dated:  Queens, New York

       March 9, 2015

                        RICHARD ALAN CHEN, ESQ.

                        ATTORNEY FOR PLAINTIFF

                        41-60 MAIN STREET, #203

                        FLUSHING, NY  11354

                        718-886-8181 (TEL.) / 718-886-8011 (FAX)

                        raclawoffices@gmail.com

SCHEDULE "A"

BLOCK 0478   LOT 0028
Borough of MANHATTAN, COUNTY OF NEW YORK
PREMISES COMMONLY KNOWN AS 174-176 BOWERY, NY NY 10012

PARCEL I

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Borough of
Manhattan, County, City and State of New York, on the westerly side of the
Bowery, known as 174 Bowery and also known as Lot Number 29 on a certain map
entitled, "Public Service Commission for the First District Chief Engineers
Office Route, 9-0-4 Drawing Number 13, February 28, 1908, Henry B. Seaman,
Chief Engineer" and filed in the Office of the Register of County of New York
March 19, 1908 as Manp number 1250, and more particularly bounded and described
as follows:

BEGINNING at a point on the northerly side of Delancey Street Extension at its
intersection with the westerly side of the Bowery; running thence northerly
along the westerly line of the Bowery 2 1/4 inches; thence westerly along the
boundary line between Lot Number 28 and Lot Number 29 and distance of 1 feet
4 5/8 inches to the northerly line of Delancey Street Extension; thence easterly
along the northerly line of Delancey Street Extension 1 foot 4 3/4 inches to the
point or place of BEGINNING. Be said dimensions more or less. Being intended
to describe that part of the premises known as Number 174 Bowery, title to which
has not been acquired by the City of New York for the Extension of Delancey Street

PARCEL II

ALL that certain plot, piece or parcel of land, with the buildings and improvements
thereon erected, situate, lying and being in the Borough of Manhattan, County,
City and State of New York, on the westerly side of the Bowery, known as number
176 Bowery and also known as Lot Number 28 on a certain map entitled "Public
Service Commission for the First District Chief Engineers Office Route, 9-0-4
Drawing Number 13 February 28, 1908, Henry B. Seaman, Chief Engineer" and filed
in the Office of the Register of the County of New York, March 19, 1908, as
Map Number 1250, and more particularly bounded and described as follows:

BEGINNING at a point on the westerly line of the Bowery distant northerly 2 1/4
inches from the intersection formed by the westerly line of the Bowery and the
northerly line of Delancey Street Extension; thence running northerly along the
westerly line of the Bowery 25 feet; thence westerly on the boundary line between
Lot Number 28 and Lot Number 27 a distance of 100 feet 3 3/8 inches to the boundary
line between Lot Number 28 and Lot Number 11; thence southerly along said boundary
line a distance of 11 feet 7 1/2 inches; thence easterly along the northerly line
of Delancey Street Extension, 99 feet 7 inches; thence easterly along the boundary
line between Lot Number 28 and Lot Number 29 a distance of 1 foot 4 5/8 inches
to the westerly line of the Bowery at the point or place of BEGINNING. Be the
said distances and dimensions more or less.

Being known as 176 Bowery, New York, New York.

Index No. **650697**          Year **2015**

SUPREME COURT OF NYS
COUNTY OF NY

KAI CHUI CHAN A/K/A JIMMY CHAN,
MASTER TENANT,

                                        Plaintiff,

                -against-
MARLENE LIPINER,

                                        Defendant.

PROPERTY CONCERNED: 174-176 BOWERY
COUNTY OF NY/MANH.   BLOCK 0478
~~LOT 0028~~

NOTICE OF PENDENCY

Signature (Rule 130-1.1-a)

Print name beneath   RICHARD ALAN CHEN, ESQ.

RICHARD ALAN CHEN, ESQ.
*Attorney for*   PLAINTIFF

*Office and Post Office Address, Telephone*
41-60 MAIN ST.  #203
FLUSHING, NY 11355
718-886-8181/raclawoffices@gmail.com

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

...............................................................

Attorney(s) for

1500 **Blumberg** Excelsior Inc., NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

------------------------------------------------------------------X

KAI CHUI CHAN A/K/A JIMMY CHAN, MASTER

TENANT ,

INDEX NO. 650697/2015

VERIFIED COMPLAINT

Plaintiffs,

-against-

MARLENE LIPINER,

Defendant.

PROPERTY CONCERNED:  174-176 BOWERY, NY NY 10012

BLOCK 0478  LOT 0028

BOROUGH OF MANHATTAN

COUNTY OF NEW YORK

------------------------------------------------------------------X

Plaintiff, KAI CHUN CHAN a/k/a JIMMY CHAN, MASTER TENANT, by his

attorney, RICHARD ALAN CHEN, ESQ., as and for his complaint, alleges the following, upon

information and belief:

SUMMARY OF ACTION

Plaintiff is a Master Tenant seeking to enforce a Right of First Refusal to purchase a

3 story building located at 174-176 Bowery, New York, New York for 10.2 Million Dollars.

Defendant has sole title to the property concerned.   Plaintiff's Right of First Refusal is

contained in a Lease between the parties dated March 2nd, 2000, which was timely and properly

exercised.  Defendant is denying Plaintiff's right to purchase the property.

## PARTIES

1.   At all times hereinafter mentioned, Plaintiff KAI CHUI CHAN a/k/a JIMMY

   CHAN (hereinafter "JIMMY") is an individual who was and is a resident of the

   State of New York, County of New York.  Plaintiff is a Master Tenant contained in a

   Lease (hereinafter "LEASE") between the parties dated March 2nd, 2000, for the

   first floor commercial space at 174-176 Bowery, New York, NY, Block 0478, Lot

   0028, Borough of Manhattan, County of  New York (hereinafter the

   building shall be called "176 Bowery.")   JIMMY has properly and diligently

   complied with the LEASE since inception.  (See Exhibit A, a copy of the last

   Recorded deed from ACRIS, which legally describes the property concerned.)

2.   At all times hereinafter mentioned, Defendant MARLENE LIPINER, (hereinafter

   "LIPINER,") is an individual who was residing at 1 Elmwood Court, Plainview,

   NY  11803, on March 2nd, 2001, when the LEASE was signed and who, on

   information and belief, is now a resident of the State of Florida, Palm Beach County.

   LIPINER was and is the sole titleholder of the building at 176 Bowery, New York,

   NY.

3. Pursuant to the LEASE,  Plaintiff JIMMY became the "Master Tenant"

   under the LEASE when his wholly owned legal entity discontinued its corporate

   activities.

## AS AND FOR A FIRST CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

4. By letter dated February 9, 2015, JIMMY was notified by LIPINER, through her

   Counsel, ALAN C. STEIN, (hereinafter "STEIN") by letter to JIMMY'S

   Attorney, JOHN CHANG, ESQ., (hereinafter "CHANG"), "that Landlord

   (LIPINER) has accepted a bona fide offer from a prospective purchaser

   to purchase 176 Bowery."  The purchase price was TEN MILLION AND

   TWO HUNDRED THOUSAND ($10,200,000.00) DOLLARS.

5. STEIN'S letter requested JIMMY to waive his Right of First Refusal to Purchase

   176 Bowery.  Attached to the letter was a copy of the proposed Contract

   with the Third Party Buyer.

6. By letter dated February 26, 2015 from CHANG TO STEIN, JIMMY properly

   and timely EXERCISED HIS RIGHT OF FIRST REFUSAL TO BUY 176

   BOWERY FOR TEN MILLION AND TWO HUNDRED THOUSAND DOLLARS

   ($10,200,000.00.)

7. Along with the letter, CHANG included a down payment check for FIVE
   HUNDRED AND TEN THOUSAND DOLLARS ($510,000.00) made
   payable to STEIN'S firm, "as attorney," for the initial deposit and exercise of
   JIMMY'S right to purchase and a statement JIMMY would fully comply with the
   terms of the Third Party Contract.

8. STEIN, on behalf of LIPINER, rejected JIMMY'S exercise of first refusal,
   by letter stating "your request to exercise said right is neither timely nor appropriate."
   STEIN raised defenses, attempting to deny JIMMY as a MASTER TENANT.

9. But he went on to qualify his rejection, stating "Regardless, rather than
   pursuing protracted and expensive litigation, my client is willing to offer
   the sum of $100,000.00 in order for you to waive your Right of First Refusal,
   and execute an estoppels agreement in favor of the Purchasers in full and
   final settlement of the matter.  Kindly advise if this is acceptable."

10. STEIN ignored ARTICLE XXXIII of the LEASE, which states as follows:
    *"RECOGNITION OF SUB-LESSEE" - "In the event either of the principals,
    Ping Cheung or Jimmy Chan wants to terminate its sublease, surrender its
    parts of the premises and or dissolve or cause Master Tenant to go out of
    business and discontinue its corporate activities, then, in that event,*

4

> *Landlord agrees to continue to recognize the remaining sub-lessee,*
>
> *either Ping Cheung or Jimmy Chan, or their wholly owned legal entity,*
>
> *as the replacement Master Tenant under the master lease.  The name*
>
> *of the sublessee shall be incorporated into the master lease by reference*
>
> *hereto."*

11. As stated previously, JIMMY became Master Tenant when his wholly

owned legal entity operating under the LEASE ceased its corporate

activities.

12. JIMMY is in full compliance with the lease now and was at the time of his

exercise of his Right of First Refusal.  JIMMY is ready, willing and able

to buy 176 BOWERY on the terms of the Third Party Contract supplied

by STEIN with the notice of bona fide offer to purchase, and stands

ready to pay the additional deposit of FIVE HUNDRED AND TEN THOUSAND

$510,000.00 required by the Third Party Contract fifteen (15) days after the

first deposit per the Third Party Contract, thus bringing the down payment

to ONE MILLION AND TWENTY THOUSAND DOLLARS ($1,020,000.00)

to STEIN, immediately upon LIPINER and STEIN'S acceptance of

JIMMY'S exercising his right to purchase the property, or Court order requiring

them to recognize same.  JIMMY is also fully ready to close the transaction on

the terms of the Third Party Contract, as required by the LEASE terms for his

Right of First Refusal.

13.  LIPINER and STEIN can show no prejudice or damages that would result

from allowing JIMMY to purchase 176 BOWERY.

14.  JIMMY has invested in 176 BOWERY, having operated a commercial

store at the location for over eighteen (18) years, (all previous corporate

Tenants and/or subtenants were also controlled and owned by JIMMY,

as allowed under the LEASE.)

15.  When JIMMY first rented 176 BOWERY, it was a burned out shell.

On information and belief, a relative of LIPINER had committed arson

against the property before JIMMY rented the premises, for which that person was

sentenced to a prison term.  Illustrative of the how damaged the property

was at the time JIMMY rented it, THERE WAS NO ROOF FOR THE

PREMISES, and thus the roof had to be rebuilt by JIMMY.

16.   After renting the premises from LIPINER, it took JIMMY two (2) years

of repairs and renovations before he was able to use the premises for

his restaurant furniture business.  JIMMY specifically bargained for

the RIGHT OF FIRST REFUSAL in the predecessor and the present

LEASE, as he knew he would have to make a substantial investment

in 176 BOWERY to do a viable long term business there.

17.   LIPINER and STEIN are attempting to improperly transfer 176 BOWERY

to a Third Party in contravention of JIMMY's RIGHT OF FIRST REFUSAL

TO BUY.  They are acting in bad faith, as neither LIPINER or STEIN has stated

why they will not accept the 10.2 Million Dollars from JIMMY, who is

ready, willing and able to pay them, and why they are favoring selling for the

same amount to the Third Party.   One can only infer their reasons involve

subterfuge or a hidden rationale to sell to the Third Party on LIPINER'S part, as

LIPINER would receive exactly the same amount of money for purchase by

JIMMY as from the Third Party.

18. 176 BOWERY is a unique, special and specific property that cannot be replaced by another property. Thus, the equitable remedy of specific performance is required to protect JIMMY'S right to purchase the property, a right he specifically negotiated and paid for under the LEASE, and a location he has built up and operated his business at for over 18 years.

19. JIMMY has no adequate remedy at law, and LIPINER has no viable defenses at law or in equity to JIMMY'S right under the LEASE to exercise his Right of First Refusal to Purchase 176 BOWERY. JIMMY is ready, willing and able to complete the purchase of 176 BOWERY pursuant to the terms of the THIRD PARTY CONTRACT.

20. Thus, Court intervention is required to protect JIMMY'S RIGHT OF FIRST REFUSAL to purchase 176 BOWERY, and judgment for Specific Performance is the only viable and legal remedy for JIMMY'S right to be enforced.

21.    Attached hereto is the last recorded deed from the ACRIS system for 174-176

BOWERY.    PROPERTY IS IN BOROUGH OF MANHATTAN, BLOCK 478,

LOT 0028, CITY OF NEW YORK.

(There are two parcels under BLOCK 478, LOT 0028.   PARCEL I is denoted "174

Bowery," and contains only a minute and de minimus parcel only 2 ¼" by

1'4 5/8" x 1'4 ¾."

Although PARCEL I is denoted its deed description as "Lot 29," there is no

record of a lot 29 on ACRIS records, and both PARCEL I AND PARCEL II are

recorded on ACRIS as a joint lot "28" and so described in lot assignment

on the deed.   PARCEL I is denoted in the deed description as the remains of

"174 Bowery" after a street extension by New York City.

PARCEL II is denoted "176 Bowery" and has dimensions of 25' x 100 '3 3/8" x

11' 7 ½" x. 99' 7" x 1'4 /58", upon which the building concerned sits.

SEE EXHIBIT A FOR LEGAL DESCRIPTION OF THE PROPERTY

CONCERNED FROM THE LAST RECORDED DEED.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

22.  JIMMY repeats and realleges all paragraphs 1-17 above as if fully stated herein.

23.  LIPINER'S failure and refusal to perform her obligations under the LEASE

concerning JIMMY'S exercise of his Right of First Refusal constitute a breach

of contract, causing JIMMY damages including loss of investment, anticipated

profits, and other anticipated and compensatory and other damages, including

incidental and consequential damages, in an amount totaling at least FIFTEEN

MILLION DOLLARS ($15,000,000.00.)

WHEREFORE, Plaintiff KAI CHUN CHAN a/k/a JIMMY CHAN, MASTER

TENANT, prays for judgment as follows:

1.  On the First Cause of Action, for an order that Defendant Marlene Lipiner

Specifically perform and recognize the exercise by Plaintiff Kai Chui Chan a/k/a

Jimmy Chan of his Right of First Refusal to purchase the premises at 176 BOWERY

for TEN MILLION AND TWO HUNDRED THOUSAND DOLLARS ($10,200,000.00), and that

Marlene Lipiner specifically perform and sell 176 BOWERY to Plaintiff as required

by the LEASE terms.

2.  On the Second Cause of Action, for an order that Defendant Marlene Lipiner

     pay over to Plaintiff Kai Chui Chan an amount not less than FIFTEEN MILLION

     DOLLARS ($15,000,000.00) as compensatory, consequential and incidental and

     other damages, if the Court does not order Specific Performance.


Together with Punitive Damages, Attorneys Fees, Costs and Disbursements, Sanctions against

Defendant and/or her attorney for frivolous conduct in denying Plaintiff his Right of First

Refusal to purchase 174-176 Bowery, and for such other and further relief as to

this Court seems just and proper.


Dated:  March 7, 2015

     Queens, New York


RICHARD ALAN CHEN, ESQ.

ATTORNEY FOR PLAINTIFF

41-60 MAIN STREET, SUITE 203

FLUSHING, NEW YORK  11355

**VERIFICATION BY ATTORNEY**

STATE OF NEW YORK

                     SS:

COUNTY OF NEW YORK

        RICHARD ALAN CHEN, ESQ., being duly sworn, deposes and says:

        That he is the attorney for the Plaintiff KAI CHUI CHAN a/k/a JIMMY CHAN,

MASTER TENANT in the above entitled action, with offices at 41-60 Main Street, Suite 203,

Flushing, New York  11355, City of New York, County of Queens, State of New York;  that

he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof;  that the

same is true to his own knowledge, except as to those matters alleged on information and

belief, and that as to those matters he believes them to be true.

        That the reason why this verification is made by deponent instead of Plaintiff

is because Plaintiff is not within the County of Queens which is the county where the deponent

has his office.  Deponent further says that the grounds of his belief as to all matters in the

VERIFIED COMPLAINT not stated to be upon his knowledge are based upon conversations

and documents provided by the Plaintiff and his transactional counsel John Chang, and

other review of internet sources and writing relevant to this action.

                                  RICHARD ALAN CHEN, ESQ.

                                  ATTORNEY FOR PLAINTIFF

Sworn to before me

this _____ day of March, 2015.

_____ x

NOTARY PUBLIC

JOHN CHANG
Notary Public, State of New York
No. 01CH4810685
Qualified in Queens County
Certificate Filed in New York County
Commission Expires April 30, 2018

ExhiBit

A

16406 1564

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the  31  day of December      , nineteen hundred and eighty-five
BETWEEN

ALEXANDER TAUB, residing at 71-  157th Street, Flushing, New York
and MARLENE LIPINER, residing at 1 Elmwood Court, Plainview, N.Y.,
as joint tenants

party of the first part, and   MARLENE LIPINER, residing at 1 Elmwood Court, Plainview,
New York

party of the second part,

WITNESSETH, that the party of the first part, in consideration of  TEN  ($10.00) —————————

——————————————————————————————————————————————— dollars,

lawful money of the United States,  and other valuable consideration

paid

by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or

successors and assigns of the party of the second part forever,

XXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXX XXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXX

### PARCEL 1

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Borough of
Manhattan, County, City and State of New York, on the westerly side of the
Bowery, known as 174 Bowery and also known as Lot Number 29 on a certain map
entitled, "Public Service Commission for the First District Chief Engineers
Office Route, 9-0-4 Drawing Number 13, February 28, 1908, Henry B. Seaman,
Chief Engineer" and filed in the Office of the Register of County of New York
March 19, 1908 as Manp number 1250, and more particularly bounded and described
as follows:

BEGINNING at a point on the northerly side of Delancey Street Extension at its
intersection with the westerly side of the Bowery; running thence northerly
along the westerly line of the Bowery 2 1/4 inches; thence westerly along the
boundary line between Lot Number 28 and Lot Number 29 and distance of 1 foot
4 5/8 inches to the northerly line of Delancey Street Extension; thence easterly
along the northerly line of Delancey Street Extension 1 foot 4 3/4 inches to the
point or place of BEGINNING.  Be said dimensions more or less.  Being intended
to describe that part of the premises known as Number 174 Bowery, title to which
has not been acquired by the City of New York for the Extension of Delancey Street

☆ SO IN ORIGINAL

1040 PG 1565

### PARCEL II

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, on the westerly side of the Bowery, known as number 176 Bowery and also known as Lot Number 28 on a certain map entitled "Public Service Commission for the First District Chief Engineers Office Route, 9-0-4 Drawing Number 13 February 28, 1908, Henry B. Seaman, Chief Engineer" and filed in the Office of the Register of the County of New York, March 19, 1908, as Map Number 1250, and more particularly bounded and described as follows:

BEGINNING at a point on the westerly line of the Bowery distant northerly 2 1/4 inches from the intersection formed by the westerly line of the Bowery and the northerly line of Delancey Street Extension; thence running northerly along the westerly line of the Bowery 25 feet; thence westerly on the boundary line between Lot Number 28 and Lot Number 27 a distance of 100 feet 3 3/8 inches to the boundary line between Lot Number 28 and Lot Number 11; thence southerly along said boundary line a distance of 11 feet 7 1/2 inches; thence easterly along the northerly line of Delancey Street Extension, 99 feet 7 inches; thence easterly along the boundary line between Lot Number 28 and Lot Number 29 a distance of 1 foot 4 5/8 inches to the westerly line of the Bowery at the point or place of BEGINNING. Be the said distances and dimensions more or less.

Being known as 176 Bowery, New York, New York.

1640 PG 1566

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

**TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

**TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been incumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_____
ALEXANDER TAUB

_____
MARLENE LIPINER

LIBER 1010 PAGE 1567

STATE OF NEW YORK, COUNTY OF   NEW YORK   ss:

On the 31st day of December   19 85, before me personally came

ALEXANDER TAUB

to me known to be the individual   described in and who executed the foregoing instrument, and acknowledged that he   executed the same.

*[signature]*

NATAN V. BERTMAN
Notary Public, State of New York
No. 41-0176250
Qualified in Queens County
Commission Expires March 30, 19___

STATE OF NEW YORK, COUNTY OF   NEW YORK   ss:

On the 31st day of December   19 85, before me personally came

MARLENE LIPINER

to me known to be the individual   described in and who executed the foregoing instrument, and acknowledged that she executed the same.

*[signature]*

NATAN V. BERTMAN
Notary Public, State of New York
No. 41-0176250
Qualified in Queens County
Commission Expires March 30, 19___

STATE OF NEW YORK, COUNTY OF   ss:

On the   day of   19   , before me personally came

to me known, who, being by me duly sworn, did depose and say that   he resides at No.

that   he is the
of
, the corporation described in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

STATE OF NEW YORK, COUNTY OF   ss:

On the   day of   19   , before me personally came

to me known, who, being by me duly sworn, did depose and say that   he resides at No.

that   he is the
of
, the corporation described in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

LIBER VER *[signature]*

FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK
100 RICHMOND STREET
BROOKLYN, N. Y. 11201

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO. CRFG 40200

ALEXANDER TAUB & MARLENE LIPINER, as
joint tenants

TO

MARLENE LIPINER

SECTION   2
BLOCK   478
LOT   28
COUNTY OR TOWN   New York

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by

american title insurance company
north east region

A Member of The Continental Insurance Companies

Recorded At Request of American Title Insurance Company

RETURN BY MAIL TO:

BERTMAN & LEVINE ESQS.
946 Manhattan Avenue
Brooklyn, N. Y. 11222

Zip No.

REAL ESTATE
TRANSFER TAX
NEW YORK
COUNTY
MAR 21 1986

OFFICE OF CITY REGISTER
New York County
RECORDED
CITY REGISTER

SST#   TPT#

ACRIS Search Results By Parcel Identifier

https://a836-acris.nyc.gov/DS/DocumentSearch/BBLResult

**New York City Department of Finance**
**Office of the City Register**

[Click help for additional instructions]
Selecting a help option will open new window

Current Search Criteria:

Borough: MANHATTAN / NEW YORK
Block: 00478
Lot: 0028    Unit: N/A
Date Range: To Current Date
Document Class: All Document Classes

# Search Results By Parcel Identifier

Records 1 - 9 << < >> >>   Max Rows  10   . [ Search Options ] [ New BBL Search] [Edit Current Search] [View Tax Map] [Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|------|--------------|------|-----|---------|----------|------------------|---------------|-------|--------|--------|----------------|----------------------|--------------------|-----------|
| DET IMG | | 2014000278021 | 28 | ENTIRE LOT | 8/6/2014 | 8/20/2014 12:55:11 PM | TAX LIEN SALE CERTIFICATE | 24 | CITY OF NEW YORK | BANK OF NEW YORK | | | ✓ | 0 |
| DET IMG | 3554/1956 | | 28 | ENTIRE LOT | 7/3/2002 | | SUNDRY AGREEMENT | 3 | 178 BOWERY TENANTS CORP. | | | | | 0 |
| DET IMG | 1189/1470 | | 28 | ENTIRE LOT | 2/11/1987 | | SATISFACTION OF MORTGAGE | 4 | WINSTON NETWORK INC | METROMEDIA INC | | | | 0 |
| DET IMG | 1040/1564 | | 28 | ENTIRE LOT | 12/31/1985 | 3/21/1986 | DEED | 4 | LIPINER, MARLENE | LIPINER, MARLENE | | ✓ | | 0 |
| DET IMG | 646/39 | | 28 | ENTIRE LOT | 10/27/1982 | | MORTGAGE | 311 | WINSTON NETWORK, INC. | METROMEDIA, INC. | | | | 4,200,000 |
| DET IMG | 645/1975 | | 28 | ENTIRE LOT | 10/27/1982 | | ASSIGNMENT, MORTGAGE | 20 | METROMEDIA, INC. | WINSTON NETWORK, INC. | | | | 0 |
| DET IMG | 633/274 | | 28 | ENTIRE LOT | 12/23/1981 | 8/4/1982 | DEED | 4 | TAUB, ALEXANDER SURVIVOR | LIPINER, MARLENE | | ✓ | | 0 |
| DET IMG | 387/206 | | 28 | ENTIRE LOT | 12/28/1976 | | POWER OF ATTORNEY | 2 | BALTER, MAX N | BALTER, ROBERT | | | | 0 |
| DET IMG | 387/202 | | 28 | ENTIRE LOT | 12/28/1976 | | DEED | 4 | BALTER, MAX N | TAUB, ALEXANDER | | ✓ | | 0 |

[ Search Options ]  [ New Parcel Identifier Search ]  [ Edit Current Search ]  [ View Tax Map ]

Go To: Finance Home Page | NYC.gov Home Page | Contact Us | Privacy Policy | Terms of Use

1 of 1

2/25/15, 2:25 PM

**New York City Department of Finance**
**Office of the City Register**

# Detailed Document Information

[Click help for additional instructions]
Selecting a help option will open new window

*Current Search Criteria:*

Borough: MANHATTAN / NEW YORK
Block: 00478
Lot: 0028    Unit: N/A
Date Range: To Current Date
Document Class: All Document Classes

| | | | | |
|---|---|---|---|---|
| DOCUMENT ID: | FT_1400000133540 | CRFN: | N/A | COLLATERAL: N/A |
| # of PAGES: | 4 | REEL-PAGE: | 1040-1564 | EXPIRATION DATE: N/A |
| DOC. TYPE: | DEED | FILE NUMBER: | N/A | ASSESSMENT DATE: N/A |
| DOC. DATE: | 12/31/1985 | RECORDED / FILED: | 3/21/1986 | SLID #: N/A |
| DOC. AMOUNT: | $0.00 | BOROUGH: | MANHATTAN | |
| % TRANSFERRED: | N/A | RPTT #: | 02356 | MAP SEQUENCE #: 0 |
| MESSAGE: | N/A | | | |

**PARTY 1**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| LIPINER, MARLENE | 1 ELMWOOD COURT | | PLAINVIEW | NY | 00000 | US |
| TAUB, ALEXANDER | 71-30 167TH STREET | | FLUSHING | NY | 00000 | US |

**PARTY 2**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| LIPINER, MARLENE | 1 ELMWOOD COURT | | PLAINVIEW | NY | 00000 | US |

**PARTY 3/Other**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| | | | | | | |

**PARCELS**

| BOROUGH | BLOCK | LOT | PARTIAL | PROPERTY TYPE | EASEMENT | AIR RIGHTS | SUBTERRANEAN RIGHTS | PROPERTY ADDRESS | UNIT | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|
| MANHATTAN / NEW YORK | 478 | 28 | ENTIRE LOT | PRE-ACRIS | N | N | N | 174 BOWERY | | |

| REFERENCES | | | | | | | | REMARKS |
|---|---|---|---|---|---|---|---|---|
| CRFN | DOCUMENT ID | BOROUGH | YEAR | REEL | PAGE | FILE NBR | | |
| | | | | | | | | |



Print    View Document    Search Results    Search Options    Main Options

Go To: Finance Home Page | NYC.gov Home Page | Contact Us | Privacy Policy | Terms of Use

Index No.: 6508497   Year 2015

TEL CHIU CHEN a/k/a JIMMY CHEN
JIANFEN TZENG,

Plaintiff,

-against-

MARLENE LIPINER,

Defendant.

PROPERTY CONCERNED:
176-178 BOWERY, NY, NY 10012

VERIFIED COMPLAINT

Signature (Rule 130-1.1)

Print Name: RICHARD ALAN CHEN, ESQ.

RICHARD ALAN CHEN, ESQ.
Attorney for PLAINTIFF
Office and Post Office Address, Telephone
41-60 MAIN ST., #203
FLUSHING, NY 11355
718-886-8161 / raclawoffices0
@gmail.com

To:

Attorney(s) for:

Service of a copy of the within is hereby admitted.
Dated:

Attorney(s) for:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.:

KAI CHUI CHAN A/K/A JIMMY CHAN, MASTER TENANT,

Plaintiff,

- against -

MARLENE LIPINER

Defendant.

## NOTICE OF REMOVAL

ALAN C. STEIN, ESQ.
LAW OFFICE OF ALAN C. STEIN, P.C.
Attorney for Plaintiff
7600 Jericho Turnpike, Suite 308
Woodbury, New York, 11803
(516) 932-1800
(515)932-0220

Pursuant to 22 NYCRR 130–1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: Woodbury, New York

Signature: _____
Print Signer's Name: ___Alan C. Stein, Esq.___

Service of a copy of the within _____ is hereby admitted.

...............................................................
Attorneys) for Plaintiff

**PLEASE TAKE NOTICE**
{   }  **NOTICE OF ENTRY**
that the within is a (certified) true copy of a _____ entered in the office of the within named court on

{   }  **NOTICE OF SETTLEMENT**
be presented for settlement to the Hon. _____ one of the judges of the within named Court,
on _____ 200___ , at _____ M.

Dated: Plainview, New York

LAW OFFICE OF ALAN C. STEIN, P.C.

_____
Attorney for Plaintiff