UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X CASE NO. 1:15-cv-02503(VEC)

KAI CHUI CHAN A/K/A JIMMY CHAN, MASTER TENANT,

                                    AMENDED VERIFIED
                                    COMPLAINT

                Plaintiffs,

-against-

MARLENE LIPINER, and THOR EQUITIES, LLC,

                Defendants.

PROPERTY CONCERNED: 176 BOWERY, NY NY 10012

-----------------------------------------------------------------------X

        Plaintiff, KAI CHUN CHAN a/k/a JIMMY CHAN, MASTER TENANT, by his attorney, RICHARD ALAN CHEN, ESQ., as and for his complaint, alleges the following, upon information and belief:

### SUMMARY OF ACTION

        Plaintiff is a Master Tenant seeking to enforce a Right of First Refusal to purchase a mixed use building located at 176 Bowery, New York, New York for 10.2 Million Dollars. Defendant Lipiner had sole title to the property concerned when this action was initiated in NYS Supreme Court. Plaintiff's Right of First Refusal is contained in a Lease between the parties dated March 2nd, 2000, which was timely and properly exercised by Plaintiff.

1

Defendant has denied Plaintiff's right to purchase the property. Defendant removed this case to Federal Court on April 2, 2015, based upon diversity of citizenship. Defendant is now alleging she transferred 176 Bowery, NY NY to THOR EQUITIES on 4/15/15, who is being added as a Defendant in this action upon this Amended Complaint.

### PARTIES

1. At all times hereinafter mentioned, Plaintiff KAI CHUN CHAN a/k/a JIMMY CHAN (hereinafter "JIMMY") is an individual who was and is a resident of State of New York, County of New York. Plaintiff is a Master Tenant contained in a lease (hereinafter "LEASE") between the parties dated March 2nd, 2000, for the first floor commercial space at 176 Bowery, New York, NY (hereinafter the building shall be called "176 Bowery.")

2. At all times hereinafter mentioned, Defendant MARLENE LIPINER, (hereinafter "LIPINER,") is an individual who was residing at 1 Elmwood Court, Plainview, NY 11803, on March 2nd, 2001, when the LEASE was signed and who, on information and belief, is now a resident of the State of Florida, Palm Beach County. LIPINER was the sole titleholder of the building at 176 Bowery, New York, NY, when this action was initiated in Supreme Court, and she allegedly transferred title to 176 Bowery to Defendant THOR EQUITIES on April 15, 2015.

2

3. Pursuant to the LEASE, Plaintiff JIMMY became the "Master Tenant" under the LEASE when his wholly owned legal entity discontinued its corporate activities.

4. Defendant THOR EQUITIES, LLC upon information and belief, is a foreign LLC with offices in New York City at 25 West 39th Street, New York, NY, with a real estate portfolio of over 5 billion dollars.

### AS AND FOR A FIRST CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

5. By letter dated February 9, 2015, JIMMY was notified by LIPINER, through her Counsel, ALAN C. STEIN, (hereinafter "STEIN") by letter to JIMMY'S Attorney, JOHN CHANG, ESQ., (hereinafter "CHANG"), "that Landlord (LIPINER) has accepted a bona fide offer from a prospective purchaser to purchase 176 Bowery" (from THOR EQUITIES, LLC.) The purchase price was 10.2 Million Dollars. STEIN'S letter requested JIMMY to waive his Right of First Refusal to Purchase 176 Bowery. Attached to the letter was a copy of the proposed Contract with the THOR EQUITIES.

3

6. By letter dated February 26, 2015 from CHANG TO STEIN, JIMMY properly and timely EXERCISED HIS RIGHT OF FIRST REFUSAL TO BUY 176 BOWERY FOR 10.2 MILLION DOLLARS. Along with the letter, CHANG included his downpayment check for $510,000.00 made payable to STEIN'S firm, "as attorney," for the initial deposit and exercise of JIMMY'S right to purchase.

7. STEIN, on behalf of LIPINER, rejected JIMMY'S exercise of first refusal, by letter stating "your request to exercise said right is neither timely nor appropriate." STEIN raised defenses, attempting to deny JIMMY as a MASTER TENANT. But he goes on to qualify his rejection, stating "Regardless, rather than pursuing protracted and expensive litigation, my client is willing to offer the sum of $100,000.00 in order for you to waive your Right of First Refusal, and execute an estoppels agreement in favor of the Purchasers in full and final settlement of the matter. Kindly advise if this is acceptable." Stein later increased the offer to $500,000.00.

8. ARTICLE XXXIII of the LEASE, states as follows:
"*RECOGNITION OF SUB-LESSEE*" - "*In the event either of the principals, Ping Cheung or Jimmy Chan wants to terminate its sublease, surrender its parts of the premises and or dissolve or cause Master Tenant to go out of business and discontinue its corporate activities, then, in that event, Landlord agrees to continue to recognize the remaining sub-lessee,*

4

*either Ping Cheung or Jimmy Chan, or their wholly owned legal entity, as the replacement Master Tenant under the master lease. The name of the sublessee shall be incorporated into the master lease by reference hereto."*

9. As stated previously, JIMMY became Master Tenant when his wholly owned legal entity operating under the LEASE ceased its corporate activities. That entity, 176 BOWERY, INC., was mistakenly named on the lease as "176 BOWERY, LLC," but JIMMY and LIPINER acted thereafter as if 176 BOWERY, INC. was the named Tenant. 176 BOWERY, INC. was dissolved in 2003, leaving JIMMY as the sole "Master Tenant" under the lease.

10. JIMMY is in full compliance with the lease now and was at the time of his exercise of his Right of First Refusal. JIMMY is ready, willing and able to buy 176 BOWERY on the terms of the Third Party Contract supplied by STEIN with the notice of bona fide offer to purchase, and stands ready to pay an additional deposit of $510,000.00 (bringing the downpayment to $1.2 Million) to STEIN immediately upon LIPINER and STEIN'S acceptance of JIMMY'S exercising his right to purchase the property, and otherwise buy the Property for 10.2 Million Dollars.

5

11. LIPINER and STEIN and THOR EQUITIES LLC can show no prejudice or damages that would result from allowing JIMMY to purchase 176 BOWERY. In fact, the only party who will suffer if THOR EQUITIES LLC obtains the property is JIMMY. LIPINER will have received 10.2 million dollars in any case, and THOR EQUITIES LLC, (knowing full well of JIMMY's Right of First Refusal and this litigation prior to allegedly taking title), would receive a complete reimbursement of the 10.2 Million Dollars it paid to purchase the property at 176 Bowery upon JIMMY'S purchase.
(THOR EQUITIES LLC is also attempting to obtain the building next door for 13 million dollars from JIMMY'S former partner, PING CHEUNG. If JIMMY's right of first refusal is denied, THOR EQUITIES LLC will thus reap a windfall and be in better position to try to purchase PING CHEUNG'S building, in order to develop both properties on a major scale.)

12. JIMMY has invested in 176 BOWERY, having operated a commercial store at the location for over eighteen (18) years, (all previous corporate Tenants were also controlled and owned by JIMMY.)

6

13. When JIMMY first rented 176 BOWERY, it was a burned out shell. On information and belief, a relative of LIPINER had committed arson against the property, for which that person was sentenced to a prison term.

14. After renting the premises from LIPINER, it took JIMMY two (2) years of repairs and renovations before he was able to use the premises for his restaurant furniture business. JIMMY and his former partner PING CHEUNG specifically bargained for the RIGHT OF FIRST REFUSAL in the predecessor and the present LEASE, as they knew they were making a substantial investment in 176 BOWERY to do a viable long term business there.

15. LIPINER and STEIN are attempting/have improperly transferred 176 BOWERY to THOR EQUITIES LLC in contravention of JIMMY's RIGHT OF FIRST REFUSAL. Prior to the alleged title transfer of April 15, 2015, THOR EQUITIES LLC offered JIMMY to "partner" for 176 Bowery, an offer that was refused by JIMMY. THOR EQUITIES LLC's representative then warned JIMMY they would "bury him in litigation, and you never know what is going to happen."

7

16. 176 BOWERY is a special and specific property that cannot be replaced by another property. As stated previously, JIMMY's former partner PING CHEUNG, owns the building next door, and JIMMY is presently planning with PING CHEUNG to develop both properties after he purchases 176 BOWERY. No doubt, THOR EQUITIES LLC has the same plan. Thus the equitable remedy of specific performance is required to protect JIMMY'S right to purchase the property, a right he specifically negotiated and paid for under the LEASE, and a location he has built up and operated his business at for over 18 years. JIMMY has no adequate remedy at law.

17. Thus, Court intervention is required to protect JIMMY'S RIGHT OF FIRST REFUSAL to purchase 176 BOWERY from the real property behemoth THOR EQUITIES, LLC and its puppets, MARLENE LIPINER and her Attorney Alan Stein.

8

18. Attached hereto is a SCHEDULE A legal description for 176 BOWERY. PROPERTY IS IN BOROUGH OF MANHATTAN, BLOCK 478, LOT 0028, "PARCEL II" (There are two parcels under BLOCK 478, LOT 0028. PARCEL I belongs to "174 BOWERY.)

### AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

19. JIMMY repeats and realleges all paragraphs 1-17 above as if fully stated herein.

20. LIPINER'S failure and refusal to perform her obligations under the LEASE, and THOR EQUITIES LLC acting in derogation of JIMMY's exercise of his Right of First Refusal, constitute a breach of contract, causing JIMMY damages including loss of investment, anticipated profits, and other compensatory and other damages in an amount totaling 15 Million Dollars. The Defendants are colluding in bad faith.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THOR EQUITIES LLC

21. JIMMY repeats and realleges all paragraphs 1-20 above as if fully stated herein.

22. That THOR EQUITIES, LLC, on information and belief, has taken title from Marlene Lipiner to 176 BOWERY, and thus is subject to all legal responsibilities and liabilities to JIMMY under his right of first refusal for the premises, in place and stead of Marlene Lipiner.

23. By denying THOR EQUITIES LLC denying JIMMY's right of first refusal to purchase the property, it is acting intentionally and in bad faith, and thus JIMMY has been caused damages including loss of

9

investment, anticipated profits, and other compensatory and other damages in an amount totaling One Hundred Million Dollars.

**WHEREFORE,** Plaintiff KAI CHUN CHAN a/k/a JIMMY CHAN, MASTER TENANT, prays for judgment as follows:

1. On the First Cause of Action, for an order that Defendants Marlene Lipiner And THOR EQUITIES LLC recognize the exercise by Plaintiff Kai Chui Chan of his Right of First Refusal to purchase the premises at 176 BOWERY for 10.2 Million Dollars, and that Defendants Marlene Lipiner and/or THOR EQUITIES LLC specifically perform and sell 176 BOWERY to Plaintiff.

2. On the Second Cause of Action, for an order that Defendants Marlene Lipiner and/or THOR EQUITIES LLC, pay over to Plaintiff Kai Chui Chan One Hundred (100) Million Dollars as compensatory and other damages, including punitive damages for bad faith, if the Court does not order Specific Performance.

3. On the Third Cause of Action, for an order that Defendant THOR EQUITIES LLC pay over to Plaintiff KAI CHUI CHAN One Hundred (100) Million Dollars as compensatory and other damages, including punitive damages for bad faith, if the Court does not order Specific Performance.

10

Together with Punitive Damages, Attorneys Fees, Costs and Disbursements, Sanctions against Defendants and/or their attorneys for frivolous conduct, and a TRO/PRELIMINARY INJUNCTION pendent lite deterring Defendants from further transferring, mortgaging, putting Liens on or otherwise changing the status quo of the property at 176 BOWERY, and enjoining Defendants from bringing any Landlord/Tenant actions against Plaintiff, pending the purchase of the building by Plaintiff pursuant to this litigation, and for such other and further relief as to this Court seems just and proper.

Dated: April 22, 2015
Queens, New York

RICHARD ALAN CHEN, ESQ.
ATTORNEY FOR PLAINTIFF
41-60 MAIN STREET, SUITE 203
FLUSHING, NEW YORK  11355
718-886-8181

**VERIFICATION BY ATTORNEY**

STATE OF NEW YORK
              SS:
COUNTY OF NEW YORK

RICHARD ALAN CHEN, ESQ., being duly sworn, deposes and says:

That he is the attorney for the Plaintiff KAI CHUI CHAN a/k/a JIMMY CHAN, MASTER TENANT in the above entitled action, with offices at 41-60 Main Street, Suite 203, Flushing, New York  11355, City of New York, County of Queens, State of New York; that he has read the foregoing AMENDED VERIFIED COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to those matters alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of Plaintiff is because Plaintiff is not within the County of Queens which is the county where the deponent has his office. Deponent further says that the grounds of his belief as to all matters in the VERIFIED COMPLAINT not stated to be upon his knowledge are based upon conversations and documents provided by the Plaintiff and his transactional counsel John Chang, and other review of internet sources and writing relevant to this action.

RICHARD ALAN CHEN, ESQ.
ATTORNEY FOR PLAINTIFF

Sworn to before me
this 22nd day of APRIL, 2015.

NOTARY PUBLIC

HONG WU JIANG
Notary Public, State of New York
No. 01HO6189625
Qualified in Kings County
Certificate Filed in Queens County
Commission Expires June 30, 2016